David K. Isom (4773)
ISOM LAW FIRM PLLC
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 209 7400
david@isomlawfirm.com
Attorney for Plaintiff Lynn D. Becker

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Lynn D. Becker,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Ute Indian Tribe of the Uintah and Ouray Reservation, a federally chartered corporation; Ute Indian Tribe of the Uintah and Ouray Reservation, a federally recognized Indian tribe; the Uintah and Ouray Tribal Business Committee, and Ute Energy Holdings, LLC, a Delaware LLC,<br><br>　　　　　Defendants | **VERIFIED COMPLAINT**<br><br>**Civil No. 2:16-cv-958**<br><br>**Magistrate Judge Paul Warner** |

Plaintiff Lynn D. Becker ("Becker") alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

2.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because one or more defendants reside in this District and/or a substantial part of the events or omissions alleged below occurred in this District.

3. Becker is a citizen of Colorado.

4. Defendant Ute Indian Tribe of the Uintah and Ouray Reservation ("Corporation") is a federally chartered corporation created pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. § 477.  The Corporation's Corporate Charter provides that its corporate powers include the power "to sue and be sued in courts of competent jurisdiction within the United States...."  The principal place of business of the Corporation is in Uintah County, Utah.

5. Defendant Ute Indian Tribe of the Uintah and Ouray Reservation ("Nation") is an Indian tribe recognized under federal law pursuant to the Indian Reorganization Act of 1934, 25 U.S.C § 476.

5. Defendant Uintah and Ouray Tribal Business Committee ("Business Committee") is an association created by and affiliated with the Nation.  The Business Committee is empowered by the Constitution and By-Laws of the Nation to regulate the economic affairs of the Nation and of the Corporation..

6. Defendant Ute Energy Holdings, LLC ("Holdings") is a subsidiary and affiliate of the Nation and/or the Corporation, and a limited liability company whose sole member is the Nation or the Corporation.  The defendants to this action are referred to jointly as the "Utes."

## FIRST CLAIM FOR RELIEF
## (Declaratory Judgment)

7. This action arises under and relates to an Independent Contractor Agreement attached hereto as Exhibit 1.  Article 23 of the Agreement provides as follows:

> For purposes of this Agreement, a "Legal Proceeding" means any judicial, administrative, or arbitration proceeding conducted pursuant to this Agreement and relating to the interpretation, breach, or enforcement of this Agreement…. The

> Tribe specifically surrenders its sovereign power to the limited extent necessary to permit the full determination of questions of fact and law and the award of appropriate remedies in any Legal Proceeding….
>
> The Parties hereto unequivocally submit to the jurisdiction of the following courts … any court of competent jurisdiction and associated appellate courts or courts with jurisdiction to review actions of such courts. The court or courts so designated shall have, to the extent that Parties can so provide, original and exclusive jurisdiction, concerning all such Legal Proceedings, and the Tribe waives any requirement of Tribal law stating that the Tribal courts have exclusive original jurisdiction over all matters involving the Tribe and waives any requirement that such Legal Proceedings be brought in Tribal Court or that Tribal remedies be exhausted.

8.   Becker brought an action against the Utes under the Agreement in this Court in 2013, 2:13-cv-123, ("First Federal Action") to collect several million dollars owed to Becker under the Agreement.

9.   This Court, by Judge Benson, dismissed the First Federal Action for lack of Section 1331 subject matter jurisdiction, and the Tenth Circuit affirmed the dismissal for lack of Section 1331 jurisdiction.

10.   The Agreement provides that, if this Court lacks jurisdiction of disputes under the Agreement, an action under the Agreement may be brought in any court of competent jurisdiction.

11.   In December 2014, Becker filed an action against the Utes under the Agreement in the Third District Court, Utah, Judge Barry Lawrence. This action is currently pending before Judge Lawrence ("Pending State Action").

12.   The state court has denied the Utes' motion to dismiss the Pending State Action and determined that the state court has jurisdiction of the Pending State Action.

3

13. The state court has also determined in the Pending State Action that by the Agreement the Utes effectively waived sovereign immunity, among other matters. Order attached hereto as Exhibit 2.

14. In June 2016, the Utes commenced an action in this Court (Judge Robert Shelby) against Becker and Judge Lawrence ("Second Federal Action") seeking, among other relief, and order enjoining Becker and Judge Lawrence from proceeding with the Pending State Action.

15. This Court dismissed the Second Federal Action for lack of Section 1331 subject matter jurisdiction on August 16, 2016, and the Utes have appealed that order to the Tenth Circuit. The appeal of the Second Federal Action is pending.

16. On August 18, 2016, the Utes filed an action against Becker in the Ute Tribal Court. Complaint attached hereto as Exhibit 3.

17. The Utes served a summons and complaint upon Becker, and Becker is required to respond to the tribal court complaint today, September 14, 2016, unless this deadline is extended.

18. Becker has requested of the Utes' counsel an extension of the deadline to respond to the tribal court complaint, and the Utes' counsel hve refused to agree to any extension.

19. Becker moved for a temporary restraining order and preliminary injunction in the Pending State Action to enjoin the Utes from proceeding with the tribal court action.

20. As part of the Utes' argument against an injunction by the state court, the Utes argued: "[T]here is certainly nothing to prevent Becker from asking a federal court to issue the injunction."

20. The state court scheduled a hearing on Becker's motion for a TRO and preliminary injunction yesterday, September 13. At the hearing yesterday, the state court held that state courts lack the power to enter the requested injunction, and therefore denied the motion.

21. This Court has the power to enjoin the Utes from proceeding with the tribal court action.

22. The tribal court action is wrongful and contrary to principles of comity.

23. The Utes have been litigating Becker's claims for over three and a half years in the federal and state courts.

24. The tribal court action is plainly prohibited by the Agreement, including the provisions of the Agreement by which the Utes waived sovereign immunity; agreed that the Agreement would be govern by Utah law, not tribal law; waived the application of tribal law to the agreement; and waived any duty for the exhaustion of tribal remedies.

25. Becker will be irreparably harmed unless this Court temporarily restrains, preliminarily enjoins, and permanently enjoins the Utes from proceeding with the tribal court action.

## PRAYER FOR RELIEF

Becker respectfully requests that the Court order defendants to cease pursuing the tribal court action during the pendency of the Pending State Action; and for all further relief that is just and proper.

Date:  September 14, 2016.

Verification:  I declare under penalty of perjury under federal and Utah law that the facts stated above are true.

/s/ Lynn D. Becker
_____

                                 ISOM LAW FIRM PLLC

                                 /s/ David K. Isom
                                 _____

                                 David K. Isom

                                 Attorney for Defendant Lynn D. Becker

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of September, 2016, the foregoing was sent to the following attorneys for the defendants to provide notice that plaintiff would be seeking a temporary restraining order:

J. Preston Stieff, jps@stiefflaw.com

Thomasina Real Bird, trealbird@ndnlaw.com

Frances Bassett, fbassett@ndnlaw.com

/s/ David K. Isom
_____