EXHIBIT 3

FILED
BY UMP 2:38pm

AUG 18 2016

UTE INDIAN TRIBAL COURT
FT. DUCHESNE, UTAH 84026

Frances C. Bassett
Jeremy J. Patterson
Thomasina Read Bird
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839
*Attorneys for Plaintiffs*

---

## THE UTE INDIAN TRIBAL COURT OF THE UINTAH AND OURAY RESERVATION

### FORT DUCHESNE, UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe, the UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS LLC, a Delaware LLC;<br><br>        Plaintiffs,<br><br>    v.<br><br>LYNN D. BECKER,<br><br>        Defendant. | COMPLAINT FOR DECLARATORY JUDGMENT<br><br><br><br><br><br>Case No. _____ |

COMES NOW, the Plaintiffs, the Ute Indian Tribe of the Uintah and Ouray Indian Reservation, the Uintah and Ouray Tribal Business Committee, and Ute Energy Holdings, LLC, a Delaware LLC, and state the following:

## PARTIES

1.     Plaintiff Ute Indian Tribe ("Tribe" or "Ute Tribe") is a federally recognized Indian Tribe, organized with a Constitution approved by the Secretary of the Interior pursuant to Section 16 of the Indian Reorganization Act, 25 U.S.C. § 476.  In addition to being a federally recognized Indian tribe, in 1938 the Tribe sought and obtained a charter to operate as a federal corporation under the Section 17 of the Indian Reorganization Act, 25 U.S.C. § 477—a so-called "Section 17 Corporation"—however, the Tribe's Section 17 federal corporation has never been monetized or activated.

2.     Plaintiff Uintah and Ouray Tribal Business Committee ("Business Committee") is the Tribe's elected six-member governing body.

3.     Plaintiff Ute Energy Holdings LLC was established as a wholly owned tribal commercial entity under Delaware state law.  The Tribe owns one hundred percent (100%) of the interest in Ute Energy Holdings LLS and the Tribe is the sole Member of the LLC.

4.     Defendant Lynn D. Becker ("Mr. Becker") is an individual who was employed by the Ute Tribe within the territorial boundaries of the U&O Reservation from 2003 through 2007.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to the Ute Indian Tribe's inherent sovereign right to regulate activities of all non-Indians who willingly

enter onto the Tribe's Uintah and Ouray ("U&O") Reservation, and/or who enter into a consensual relationship with the Tribe, and/or whose activities upon tribal lands imperil the Tribe's political integrity, economic security or health and welfare. *See Montana v. United States*, 450 U.S. 544 (1981).

6.     Venue is proper in this Court because the activities undertaken by Mr. Becker that are the subject of this lawsuit occurred on tribal lands within the boundaries of the U&O Reservation.

**STATEMENT OF FACTS**

7.     Plaintiff Ute Tribe has a tribal membership of almost four thousand individuals, and over half of its membership lives on the U&O Reservation. The Ute Tribe operates its own tribal government and oversees approximately 1.3 million acres of trust lands, some of which contain significant oil and gas deposits.   Revenue from the development of these oil/gas resources is the primary source of money that is used to fund the Tribe's government and its health and social welfare programs for tribal members.

8.     For a period of seven years, from 2000 through 2007, a cabal of unscrupulous non-Indians insinuated themselves into the Ute Tribe's government and its Energy and Minerals Department and, through a pattern of fraud, subterfuge and bullying, attempted to secure for themselves an interest in the Tribe's oil and gas mineral estate.

9.     Working ostensibly as tribal "employees" or "Independent Contractors," the coterie of unscrupulous individuals manipulated tribal members, manipulated tribal officers and departments, manipulated facts and numbers, and manipulated the Tribe's oil/gas

transactions in a manner that was both fraudulent and a gross breach of the individuals' fiduciary duties as employees and agents of the Ute Tribe.

10.     One of those unscrupulous individuals was the Defendant Lynn Becker.

11.     Other unscrupulous individuals and entities included John P. Jurrius, the Tribe's purported "Financial Consultant," and his business entities, the Jurrius Group LLP and Jurrius Ogle Group LLC, whom the Ute Tribe sued in 2008 on multiple counts of civil wrongdoing, including fraud and conversion, in a suit captioned *Ute Indian Tribe v. Jurrius, et al.*, case number 1:08-cv-01888, in the U. S. District Court for the District of Colorado.

12.     Mr. Jurrius exercised control over the Tribe's affairs by installing trusted associates in key positions throughout the Tribe's government, and he persuaded the Tribe to hire his associates under "Independent Contractor" (IC) Agreements.

13.     At Mr. Jurrius' recommendation, Mr. Becker came to work for the Tribe as a petroleum landman in 2003; however, it was not for another two years, on April 27, 2005, that Mr. Becker and the Tribe executed a so-called "Independent Contractor Agreement" (hereinafter "IC Agreement").   The IC Agreement purported to operate retroactively to March 1, 2004, and to provide for Becker's employment as the "Land Division Manager" of the Tribe's Energy and Minerals Department.

14.     The United States Internal Revenue Service ("IRS") later challenged the legality of the multiple IC Agreements for calendar years 2005, 2006 and 2007, including the IC Agreement with Becker.   The Tribe was able to negotiate a "Closing Agreement" with the IRS, in which, in return for the Tribe paying federal employment tax for calendar year 2007 on Mr. Becker and the other Jurrius associates, the IRS agreed not to seek

4

additional back taxes or penalties.  However, the IRS required that Becker and other Jurrius associates be "treated as *employees* for all federal employment tax purposes" going forward.

### UTE HOLDINGS AND UTE ENERGY

15.     On May 4, 2005, at the behest of Defendant Becker and Messrs. Jurrius and Ogle, the Tribe simultaneously organized Ute Energy Holdings LLC and Ute Energy LLC, and entered into a series of complicated, convoluted commercial transactions that were designed, *inter alia*, to transfer interests in the Ute Tribe's mineral estate to Defendant Becker and to Messrs. Jurrius and Ogle, through their business entities, the Jurrius Group and the Jurrius/Ogle Group (hereinafter "Jurrius/Ogle").

16.     The complex, multi-tiered transactions were planned deliberately to both facilitate and simultaneously obscure and conceal the fraudulent transfer of tribal assets to the unscrupulous non-Indians. These transactions, described below, were the subject of the Tribe's claims against Mr. Jurrius and his business entities in *Ute Indian Tribe v. Jurrius, et al.,* case number 1:08-cv-01888, U. S. District Court for the District of Colorado, referenced in paragraph 11 above.

17.     Both Ute Energy Holdings LLC ("Ute Holdings") and Ute Energy LLC ("Ute Energy") were capitalized with real property, oil and gas interest, and other assets that are held in trust for the Tribe by the United States. These assets constituted 100% of the initial capital assets of both Ute Holdings and Ute Energy.

18.     Over the next two years, Defendant Becker and Jurrius/Ogle proceeded to grossly mismanage the Tribe's oil/gas assets while simultaneously enriching themselves, including without limitation, transferring additional Ute tribal oil/gas assets into Ute

Holdings, and from Ute Holdings on to Ute Energy. The two-tiered transfers were planned deliberately to insure that Defendant Becker and Jurrius/Ogle could both claim their respective "skims" on each tier of the transfer of a tribal oil/gas assets into Ute Holdings and Ute Energy. In addition, Mr. Jurrius—the Tribe's purported Financial Investor— installed himself as the Manager of Ute Energy, and in that capacity Jurrius—assisted by Messrs. Becker and Ogle—proceeded to dissipate Ute Energy's operating capital. Because of their mismanagement, Ute Energy was forced to raise new capital by selling interests in the company to outside investors, a move that naturally reduced the Tribe's ownership interest in Ute Energy proportionately.

## DEFENDANT BECKER'S EMPLOYMENT FOR THE TRIBE

19. Mr. Becker worked initially as a landman and then as the "Land Division Manager" of the Tribe's Energy and Minerals Department. His job duties were to manage and develop the Tribe's energy and mineral resources, and the Tribe's Energy and Minerals Department, both of which are located within the boundaries of the Tribe's U&O Reservation.

20. The Independent Contractor Agreement between the Tribe and Becker was negotiated and executed at the Tribe's headquarters in Fort Duchesne. Mr. Becker's office was located inside tribal headquarters in Fort Duchesne.

21. Mr. Becker resigned from the Tribe effective October 31, 2007.

## DEFENDANT BECKER'S "PARTICIPATION INTEREST" IN TRIBAL ASSETS

22. The Tribe paid Becker a salary of $200,000.00 annually ($16,666.67 per month) under the terms of the Becker IC Agreement.

23.     In addition to the 200k salary, the Agreement contained a "Participation Plan," that granted Becker a "beneficial interest" in all net revenues that were distributed from production of the Tribe's oil/gas resources that had been assigned to Ute Energy:

> In recognition of Contractor's services, Contractor shall receive a beneficial interest of two percent (2%) of net revenue distributed to Ute Energy Holding (sic) LLC from Ute Energy, LLC (sic) (and net of any administrative costs of Ute Energy Holdings ) ("Contractor's interest").

24.     The Becker's IC Agreement—and the purported alienation of restricted tribal assets contained within the Agreement—was never approved by the U.S. Congress or the Secretary of the Department of Interior, as required by federal law and the Ute Tribe's Constitution.

25.     A genuine controversy exists between the parties regarding the legal efficacy and enforceability of the Becker IC Agreement.

26.     Mr. Becker claims that he is owed millions of dollars by the Ute Tribe, the Tribal Business Committee, and Ute Energy Holdings pursuant to the IC Agreement.

27.     The Tribe contends the IC Agreement is a legal nullity under federal law and the Ute Tribe's Constitution.

28.     The Tribe further contends that there was no valid waiver of the Tribe's sovereign immunity in relation to the IC Agreement.

29.     Finally, the Tribe contends that any claim asserted by Mr. Becker is barred by the statute of limitations under the Tribe's Law and Order Code, § 1-8-7.

## COUNT I

### DECLARATORY JUDGMENT – NULLITY OF THE BECKER IC AGREEMENT UNDER THE TRIBE'S CONSTITUTION

30.     Plaintiffs reallege paragraphs 1 through 29 and incorporate them by reference.

31.     Under long-standing federal common law and statutes, certain transactions between Indians and non-Indians require the approval of the U.S. Congress or the Secretary of Interior for their validity, especially when the transactions involve Indian property interests and the alienation of those property interests.

32.     The Becker IC Agreement is void for lack of necessary federal approval as required under both (*i*) the Ute Tribe's Constitution, and (*ii*) federal common law and Congressional statutes that prohibit the alienation and/or encumbrance of Indian property and interests in Indian property.   That body of federal statutory law includes, without limitation:

> (*i*)     the Indian Mineral Development Act, 25 U.S.C. § 2102(a), which requires the Secretary of the Interior to approve any "service" or "managerial" agreement related to the "exploration for, or extraction, processing, or other development of" Indian oil and gas mineral resources;

> (*ii*)     the Non-Intercourse Act, 25 U.S.C. § 177, which prohibits any "purchase, grant, lease, or other conveyance of lands, *or of any title or claim thereto*," unless authorized by Congress (emphasis added);

> (*iii*)     the Indian Reorganization Act, 25 U.S.C. § 464, which prohibits the "sale, devise, gift, exchange or other transfer of restricted Indian lands or of shares in the assets of any Indian Tribe," unless authorized by Congress; and

(*iv*)   25 U.S.C. § 85 which states that "[n]o contract made with any Indian, where such contract relates to the tribal funds or property in the hands of the United States, shall be valid, nor shall any payment for services rendered in relation thereto be made unless the consent of the United State has previously been given."

33.   The Tribe's Constitution, art. VI, Section 1, delegates only limited power to the Tribal Business Committee and it makes those limited powers "*subject to any limitations imposed by the statutes* or Constitution of the United States, *and subject further to all express restrictions upon such powers contained in this Constitution and By-laws* . . . ." (emphasis added).

34.   In addition, art. VI, Section 1(c) of the Constitution contains an express, unequivocal restriction on the power of the Business Committee, providing that the Business Committee may only "approve ... *any* sale, *disposition*, lease *or encumbrance of* tribal lands, interests in tribal lands, or other *tribal assets*" that has been first "authorized or executed by the Secretary of the Interior, Commissioner of Indian Affairs, or any other official or agency of government" (emphasis added).

35.   The Becker IC Agreement was never authorized by the U.S. Congress or approved by the Secretary of the Department of Interior, as required by federal law and by the Ute Tribe's Constitution, and thus, the attempted conveyance of a "Participation Interest" in revenues from the Tribe's restricted oil and gas assets was an *ultra vires* act, committed in contravention of the Business Committee's constitutional powers.

36.   By this complaint, the Plaintiffs seek a declaration that the Business Committee's approval of the Becker IC Agreement was an *ultra vires* action, made in

9

circumvention of the limited constitutional powers vested in the Business Committee, and

as a result, the Agreement is void and unenforceable in this Court or any other adjudicatory

tribunal.

COUNT II

### DECLARATORY JUDGMENT – INVALIDITY OF THE ATTEMPTED WAIVER OF SOVEREIGN IMMUNITY IN RELATION TO THE BECKER IC AGREEMENT

37.     Plaintiffs reallege paragraphs 1 through 36 and incorporate them by reference.

38.     The Ute Tribe's Law and Order Code explicitly describes the specific process

that must be followed in order to effectuate a valid waiver of the Tribe's sovereign

immunity.  Section 1-8-5 provides:

> [e]xcept as required by federal law, or the Constitution and bylaws of Ute
> Indian Tribe, or as specifically waived by a resolution or ordinance of the
> Business Committee specifically referring to such, the Ute Indian Tribe shall
> be immune from suit in any civil action, and its officers and employees
> immune from suit for any liability arising from the performance of their
> official duties.

*See Toole v. Ute Water Settlement Accounting Services, LLC*, Case No. CV-09-061, p. 7 (Ute

Indian Tribal Court 2010), citing U.L.O.C. § 1-8-5.

39.     No resolution or ordinance waiving sovereign immunity by the Business

Committee exists for the contract between Mr. Becker and the Ute Tribe.

40.     The Becker IC Agreement contains a purported waiver of the Tribe's

sovereign immunity.  The IC Agreement was signed by a tribal official, former Chairwoman

Maxine Natchees; however, Chairwoman Natchees, individually, had no constitutional or

statutory power under tribal law to waive sovereign immunity—only the six-member Tribal

10

Business Committee, sitting in legal session, through a majority vote of a quorum of the Committee members, could do that.[1]

41.     The Business Committee's resolution approving Mr. Becker's IC Contract does *not* waive sovereign immunity.

42.     By this complaint, the Plaintiffs seek a declaration that (*i*) former Chairwoman Maxine Natchees, individually, lacked authority under the Tribe's Constitution, By-Laws, and Law and Order Code to waive the Tribe's sovereign immunity, and (*ii*) that there was no valid waiver of the Tribe's sovereign immunity in relation to the Becker IC Agreement.

## COUNT III

### DECLARATORY JUDGMENT – MR. BECKER'S CLAIMS ARE TIME-BARRED

43.     Plaintiffs reallege paragraphs 1 through 42 and incorporate them by reference.

44.     Mr. Becker's last day of employment for the Ute Tribe was October 31, 2007.

45.     By this complaint, the Plaintiffs seek a declaration that Mr. Becker's claims against the Ute Tribe and its Tribal Business Committee became barred on November 1, 2008, and his claims against Ute Energy Holdings LLC became barred on November 1, 2010 under Section 1-8-7 of the Tribe's Law and Order Code.

## COUNT IV

### DECLARATORY JUDGMENT – THE TRIBE'S SECTION 17 CORPORATION

46.     Plaintiffs reallege paragraphs 1 through 45 and incorporate them by reference.

---

[1] Tribal Constitution, art. III, § 1; Tribal By-Laws, art. VI, §§ 3,5; and Tribal Law and Order Code, § 1-8-5.

11

47.     Although the Tribe in 1938 obtained a charter to operate as a federal corporation under the Section 17 of the Indian Reorganization Act, 25 U.S.C. § 477, the Tribe's Section 17 federal corporation has been dormant from the time of its inception to the present.  The Tribe has never activated the section 17 corporation or used the section 17 corporation to transact any business or commercial activities.

48.     In addition, it is readily apparent from Resolution No. 05-147 that Mr. Becker's IC Agreement was not approved by the Tribe's section 17 corporation, but instead was approved by the Tribe's governing body, its Business Committee, acting pursuant to what the Committee presumed to be its governmental powers.

49.     By this complaint, the Plaintiffs seek a declaration that the Tribe's Section 17 federal corporation has been dormant from the time of its inception to the present, and that the Becker IC Agreement was approved and entered into by the Tribal Business Committee, not the dormant section 17 corporation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court will:

1.     Enter a judgment declaring that:

    i.     the Business Committee's approval of the Becker IC Agreement was an *ultra vires* act, made in circumvention of the limited powers vested in the Business Committee under the Tribe's Constitution, and as a result, the Agreement is void and unenforceable in this Court or any other tribunal;

ii.     former Chairwoman Maxine Natchees, individually, lacked authority under the Tribe's Constitution, By-Laws, and Law and Order Code to waive the Tribe's sovereign immunity, and that there was no valid waiver of the Tribe's sovereign immunity in relation to the Becker IC Agreement;

iii.     under Section 1-8-7 of the Tribe's Law and Order Code, Mr. Becker's claims against the Ute Tribe and its Tribal Business Committee became barred on November 1, 2008, and his claims against Ute Energy Holdings LLC became barred on November 1, 2010; and

iv.     the Tribe's Section 17 federal corporation has been dormant from the time of its inception to the present, and the Becker IC Agreement was approved and entered into by the Tribal Business Committee, not the dormant section 17 corporation.

2.     For such other further relief as the Court deems just and proper.

Dated this 18th day of August, 2016.

_Jeremy J. Patterson_
Frances C. Bassett
Thomasina Real Bird
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839

*Attorneys for the Plaintiffs*

13

FILED
BY ____ 2:38 pm

AUG 18 2016

UTE INDIAN TRIBAL COURT
FT. DUCHESNE, UTAH 84026

Frances C. Bassett
Jeremy J. Patterson
Thomasina Read Bird
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839
*Attorneys for Plaintiffs*

THE UTE INDIAN TRIBAL COURT OF THE UINTAH AND OURAY
RESERVATION

FORT DUCHESNE, UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe, the UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS LLC, a Delaware LLC;<br><br>        Plaintiffs,<br><br>    v.<br><br>LYNN D. BECKER,<br><br>        Defendant. | SUMMONS AND NOTICE OF ACTION – CIVIL<br><br><br><br><br><br><br><br><br><br>Case No. _____ |

**TO: LYNN D. BECKER**
    491 Marion Street
    Denver, Colorado 80218

        You are hereby summoned and required to file with the Clerk of the Ute Indian Tribal Court and serve a copy upon the Plaintiff or its counsel, an Answer to the Complaint for

Declaratory Judgment which is hereby served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the aforementioned Complaint.


DATED this 18th day of August, 2016.


Jeremy J. Patterson
Frances C. Bassett
Thomasina Real Bird
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155/9839

*Attorneys for the Plaintiffs*

2

## RETURN OF SERVICE

I have this date served the following documents:

- Summons and Notice of Action – Civil,
- Complaint for Declaratory Judgment.

DATE: _____     TIME: _____

OFFICER/SERVER: _____


I have this date received the following documents:

- Summons and Notice of Action – Civil,
- Complaint for Declaratory Judgment.

DEFENDANT:

_____

LYNN D. BECKER

DATE: _____

3