IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNN D. BECKER,<br><br>    Plaintiff,<br>v.<br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,<br><br>    Defendants.<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,<br><br>    Counterclaim and Third-Party Plaintiffs,<br>v.<br>LYNN D. BECKER, et al.,<br><br>    Counterclaim and Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' VERIFIED MOTION TO RECUSE**<br><br>Case No. 2:16-cv-00958<br><br>Chief Judge David Nuffer |

       Defendants Ute Indian Tribe and affiliated parties (the Tribe) filed a "Verified Motion to Recuse" (the Motion) just before 3:00 p.m. today.[1] The motion seeks recusal of Judge Clark Waddoups under 28 U.S.C. §§ 144 and 455(a) and reassignment of the case to another judge of this district.[2] The Tribe's motion relies on the substantive rulings and procedural facts of this case and its companion case, 2:16-cv-579, also assigned to Judge Waddoups, and states as the basis for recusal Judge Waddoups' alleged "personal animus towards the Ute Indian Tribe" and "antagonism toward the legal doctrines that form the bedrock of Federal Indian law."[3] The

---

[1] Tribe's Motion, ECF No. 101.

[2] Id. p. 2.

[3] Id. at 2, 3–6.

motion cites heavily to transcripts and orders, characterizing both as demonstrating support for the Motion's conclusions.[4] Consistent with the practices of the District of Utah, Judge Waddoups referred the Motion to me in my capacity as Chief Judge. It is critical that the Motion be resolved quickly because a hearing is set in this case tomorrow at 10:00 a.m. After careful consideration of the arguments and supporting facts set forth in the Motion and for the reasons addressed herein, the Motion is DENIED.

## DISCUSSION

Neither 28 U.S.C. §§ 144 or 455(a) provides a basis for disqualification of Judge Waddoups. Section 144 creates a right for a party to seek removal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[5] Section 455(a) mandates that a judge recuse him or herself from "any proceeding in which his impartiality might reasonably be questioned."[6]

---

[4] The Motion refers to nothing extrajudicial but relies on actions of Judge Waddoups in scheduling and hearings and substantive decisions. Among the cited rulings and actions are the following: The Introduction to the Motion cites Judge Waddoups' comparative haste and delay on various motions (Motion at 3-5) and the Tribe's conclusions that at hearings "Judge Waddoups peppered the Tribe's counsel with frequent interruptions, suggesting that the ruling had been predetermined based on the judge's biases" (Motion at 3) and "was aggressively adversarial and combative in his exchanges with the Tribe's attorney; in striking contrast, the judge was respectful and professional in his exchanges with the Tribe's opposing counsel." Motion at 5-6. The Argument in the Motion first alleges the judge's actions have denied the Tribe Equal Protection -- without providing any authority supporting application of this principle to judicial decisions in the disqualification context. Motion at 6. Next, the Argument in the Motion lists three major substantive decisions as reason for recusal. "Judge Waddoups has seized upon the contractual waivers of sovereign immunity and tribal court exhaustion as grounds for summarily rejecting the Tribe's arguments altogether." Motion at 8. "[T]he judge sua sponte raised the doctrine of severability . . . ." *Id.* "Judge Waddoups has continued to insist that the Becker Contract is legally enforceable." *Id.* at 9.

[5] 28 U.S.C. § 144.

[6] 28 U.S.C. § 455(a).

Disqualification is only required where there is "personal rather than judicial bias."[7] An affidavit demonstrating such bias "must contain more than mere conclusions" and "show facts indicating the existence of a judge's personal bias and prejudice,"[8] and such facts must typically be extrajudicial.[9] "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of the prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[10] "Judicial remarks" may reveal the requisite level of bias "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[11] "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or impartiality.[12] "Judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" are not adequate grounds.[13]

In establishing these standards in *Liteky v. United States*, the United States Supreme Court pointed to overt racist comments by a district judge in a 1921 case as exemplary of the sort of judicial comment that may support recusal. The *Liteky* opinion recounted the words of the judge in 1921: " 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.' "[14] In contrast, the

---

[7] *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976).

[8] *Id.*

[9] *Liteky v. United States*, 510 U.S. 540, 554–55 (1994).

[10] *Id.* at 555.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 556.

[14] *Id.* at 555 (*quoting Berger v. United States*, 255 U.S. 22 (1921)).

Supreme Court concluded that "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses" were not evidence of bias necessitating disqualification of the district judge.[15] The facts of this case are substantially similar to those before the Supreme Court in *Liteky* and entirely dissimilar from the facts of the 1921 case.

The Tribe alleges personal animus but relies solely upon facts arising during the course of this and other proceedings in which it was a party before Judge Waddoups. In the affidavit supporting the Motion, Luke J. Duncan, Chairman of the Tribal Business Committee, recites the procedural history of three separate cases, including this one, in which the Tribe was before Judge Waddoups.[16] Mr. Duncan's description of each case states only that Judge Waddoups ruled against the tribe on the issue of tribal sovereign immunity and, where relevant, that the Tenth Circuit Court of Appeals reversed his ruling. The fact that Judge Waddoups' ruling was ultimately reversed is irrelevant on its own to provide a basis for disqualification.[17]

And the procedural facts addressed do not otherwise support disqualification. The Motion also points to the timing of rulings in the various cases, Judge Waddoups' practice of questioning attorneys in various hearings, and the factual account relayed in the most recent written decision.[18] Each of these alleged facts represents the judicial function of the court and not

---

[15] *Id.* at 556.

[16] Appendix A, ECF No. 101-1.

[17] *See Liteky*, 510 U.S. at 551 (concluding that it is "regarded as normal and proper for a judge to sit in the same case upon its remand").

[18] Tribe's Motion, ECF No. 101.

reliance "upon knowledge acquired outside [the] proceedings" or "deep-seated and unequivocal antagonism that would render fair judgment impossible."[19]

## ORDER

The Motion is DENIED.

DATED this 13th day of February, 2018.

BY THE COURT:

_____
David Nuffer
Chief United States District Court Judge

---

[19] *Liteky*, 510 U.S. at 556.