IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNN D. BECKER,<br><br> Plaintiff,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,<br><br> Defendants.<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, et al.,<br><br> Counterclaim and Third-Party Plaintiffs,<br>v.<br>LYNN D. BECKER, et al.,<br><br> Counterclaim and Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER REVERSING DENIAL OF AND GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>Case No. 2:16-cv-00958<br><br><br>Judge Clark Waddoups |

  This is the fifth case in a series of actions in federal, state, and tribal court beginning in 2013 involving these parties. In this action, Mr. Becker seeks to enjoin the parties from proceeding in the Ute Tribal Court action filed by the tribal parties as *Ute Indian Tribe v. Becker*, Case No. CV-16-253, Ute Indian Tribal Court of the Uintah and Ouray Reservation, Fort Duchense, Utah. This case is a companion to the tribal parties' action in federal court, *Ute Indian Tribe v. Lawrence*, 2:16-cv-958-CW, United States District Court, Central Division, District of Utah. The companion case seeks to enjoin Becker and state court Judge Barry G. Lawrence from proceeding in Becker's action in state court. *See Becker v. Ute Indian Tribe*, Case No. 140908394, Third Judicial District Court, Salt Lake County.

  On August 25, 2017, in this action, the Tenth Circuit reversed and remanded this court's initial preliminary injunction in Mr. Becker's favor. *Becker v. Ute Indian Tribe*, 868 F.3d 1199

(10th Cir. 2017). The Tenth Circuit concluded, based on the limited record before it, that Mr. Becker was unlikely to succeed on his claim that his Independent Contractor Agreement contained a valid waiver of tribal exhaustion, as well as his claim that the Agreement did not need federal government approval because it did not transfer property held in trust for the Tribe by the federal government. *Id.* at 1201. As a result, the Tenth Circuit directed this court, based on the tribal exhaustion rule, to allow the Tribal Court to "consider in the first instance whether it has jurisdiction." *Id.* at 1205.

On December 30, 2016, the Tenth Circuit stayed this court's preliminary injunction against the parties proceeding in Tribal Court. Following additional litigation there, the Tribal Court issued two conflicting rulings about its jurisdiction. (App'x 4, ECF No. 122-3; App'x 408, ECF No. 122-8.) Following the first ruling, which was in Becker's favor, Becker filed a second motion for preliminary injunction in this action. (ECF No. 70.) The tribal parties, for their part, moved the Tribal Court for reconsideration of its jurisdictional ruling in Becker's favor. (App'x 144, ECF No. 122-7.) The tribal parties, in this court, also filed a motion for preliminary injunction against the state court action, (ECF No. 75), based on the Tenth Circuit's reversal of this court's dismissal of the tribal parties' counterclaims and third-party claims, *Becker v. Ute Indian Tribe*, 868 F.3d 1199 (10th Cir. 2017).

On February 14, 2018, this court held oral argument in this action on both parties' motions for preliminary injunction. Based on the Tenth Circuit's mandate, the court denied both motions and stayed the case to allow the Tribal Court to first determine its own jurisdiction. (ECF No. 106.) Shortly thereafter, the Tenth Circuit issued an order in the companion case, *Ute Indian Tribe v. Lawrence*, requiring this court to decide the tribal parties' motion for preliminary injunction on the same substantive grounds for relief that are argued here. (Order dated February

16, 2018, No. 18-4013 (D.C. No. 2:16-CV-00579-CW) (D. Utah).) As a result, on February 21, 2018, this court issued a written order clarifying that this case would be stayed only until the Tribal Court had determined, in the first instance, whether it has jurisdiction to hear this dispute. (ECF No. 107.) At that time, the court would lift the stay and address how the case should proceed. (*Id.*)

The tribal parties subsequently filed a motion asking this court to clarify and/or reconsider its February 21, 2018 Order. (ECF No. 108.) They stated that the Ute Indian Rules of Civil Procedure do not permit interlocutory appeals. (*Id.*) Thus, it is not possible for the Tribal Court's jurisdictional rulings to receive tribal appellate review prior to a final ruling on the merits of the case. The tribal parties then proceeded to obtain the second jurisdictional ruling in their favor from the Tribal Court on February 28, 2018.[1] (App'x 408, ECF No. 122-8.) This ruling went far beyond the question of the Tribal Court's jurisdiction. Nevertheless, the tribal parties moved this court to give preclusive effect to that ruling in the companion case. (*See* ECF No. 110, 2:16-cv-579.)

Today in the federal companion case, *Ute Indian Tribe v. Lawrence*, 2:16-cv-579, the court issues an 83-page Memorandum Decision and Order denying the tribal parties' motion for a preliminary injunction to enjoin the state court action. To reach that decision, the court necessarily ruled on the merits of the substantive jurisdictional issues that this case presents. The court concluded that the tribal parties are unlikely to succeed on the merits of their jurisdiction claims. Instead, it is substantially likely the Utah state court has subject matter jurisdiction over the parties' claims because Utah accepted the federal government's offer of jurisdiction in 25

---

[1] The Tribal Court issued its ruling on the same day this court conducted an evidentiary hearing in the companion case on jurisdictional issues pursuant to the Tenth Circuit's mandate. (*See* ECF No. 106, Case No. 2:16-cv-579.)

U.S.C. § 1322(a). The court concluded it was substantially likely that the Tribe selectively and appropriately waived its sovereign immunity in Resolution 05-147 under tribal law. The court also concluded that the Becker Independent Contractor Agreement does not involve restricted property held in trust for the Tribe by the United States and that the contract is therefore valid under both federal and tribal law. Finally, the court concluded that the Tribal Court's February 28 Opinion should not be given preclusive effect or comity, and that because the contract is valid, tribal exhaustion—which was explicitly waived in the contract—is both unnecessary and futile. As these issues directly apply to this case, the court adopts its decision in the companion case of *Ute Indian Tribe v. Lawrence*, Case No. 2:16-cv-579 (Memorandum Decision and Order, ECF No. 136.)

Specifically regarding the tribal exhaustion issue, which the Tenth Circuit directed to this court's attention, Article 23 of the Becker Independent Contractor Agreement states the exhaustion waiver as follows:

> [T]he Tribe waives any requirement of Tribal law stating that Tribal courts have exclusive original jurisdiction over all matters involving the Tribe and waives any requirement that such Legal Proceedings be brought in Tribal Court *or that Tribal remedies be exhausted.*

(App'x 99, ECF No. 55-1, 2:16-cv-579 (emphasis added).) For the reasons set forth in the companion decision, the court concludes that the Tribe's waiver of tribal exhaustion is substantially likely to be valid under both federal and tribal law and that the Tribal Court's February 28 Opinion should not otherwise be given preclusive effect or comity.

As a result of this conclusion, the court finds that tribal exhaustion is no longer required under the Tenth Circuit's mandate in this case.

Therefore, the court issues the following rulings here:

1.      The stay is lifted in this matter;

4

2. The tribal parties admit the interpretation of the Tribe's Charter is a matter of law, not of fact. (ECF No. 93-7, p. 10, 2:16-cv-958.) There being no evidence that the Section 17 Corporation of the Ute Indian Tribe of the Uintah and Ouray Reservation had any involvement in the contract at issue here, the court concludes as a matter of law that the Charter's provisions do not apply and the Corporation shall be DISMISSED as a defendant and third-party plaintiff;

3. The court DENIES those portions of the tribal parties' pending motions seeking preliminary and/or permanent injunctions (ECF No. 73, 74), and RESERVES the remainder of the summary judgment motions for further disposition;

4. The court GRANTS IN PART and DENIES IN PART the tribal parties' motion for clarification and/or reconsideration of the court's February 14, 2018 ruling to the extent substantively clarified herein, (ECF No. 108);

5. Pursuant to Federal Rule of Civil Procedure 54(b) and to correct legal error, the court *sua sponte* revises its denial of Mr. Becker's motion for preliminary injunction. For the reasons stated herein and in the companion case decision, the court GRANTS Mr. Becker's motion for a preliminary injunction enjoining the parties from proceeding in the Tribal Court action and from the Tribal Court orders having preclusive effect in other proceedings on these facts, (ECF No. 70);

6. The court DENIES as MOOT the tribal parties' motion to amend or correct their Answer to Complaint, Third Party Complaint, and Counterclaim, (ECF No. 124);

7. The court DENIES the tribal parties' emergency motion for protective order against the deposition of former Business Committee member Arrowchis because the court finds it substantially likely that the tribal parties have waived sovereign immunity, (ECF No. 130);

8. The court GRANTS the tribal parties' Motion for Leave to Supplemental Legal Authority, (ECF No. 145), and considered it in connection with the rest of the record.

9. The court GRANTS the tribal parties' Motion to Supplement the Record. (ECF No. 147.)

DATED this 30th day of April, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge