IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN D. BECKER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, a federally recognized Indian Tribe and a federally chartered corporation, the UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS LLC, a Delaware LLC,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00958-TC<br><br>District Judge Tena Campbell |

　　　　After the Tenth Circuit reversed a preliminary injunction order in Becker v. Ute Indian Tribe of Uintah & Ouray Reservation (Becker II), 11 F.4th 1140, 1150 (10th Cir. 2021), the court dismissed this action without prejudice and entered judgment. (ECF Nos. 297 & 300.) The Tribe filed a quick barrage of motions, including a motion to recover costs and damages against the injunction bonds issued in this case. (ECF No. 302.) Plaintiff Lynn D. Becker did not respond to this motion, and the deadline has since passed. See DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice.) For the following reasons, the court GRANTS the Tribe's motion.

　　　　Mr. Becker posted two $10,000 bonds as security for the two injunctions in this case. The "2016 bond," issued by Travelers Casualty and Surety Company of America, secured the temporary restraining order and the first preliminary injunction. (ECF Nos. 9 & 50.) And the "2018 bond," issued by Hartford Fire Insurance Company, secured the second preliminary injunction. (ECF Nos. 159-1 & 164.) Both injunctions were later reversed on appeal. Becker v.

Ute Indian Tribe of Uintah & Ouray Rsrv. (Becker I), 868 F.3d 1199, 1206 (10th Cir. 2017); Becker II, 11 F.4th at 1150.

The Tribe invokes Federal Rule of Civil Procedure 65.1 and moves to collect on these two injunction bonds, asserting that it incurred damages after being wrongfully enjoined. "[W]here there is a finding that a defendant has been wrongfully enjoined, there is a presumption of recovery" on an injunction bond. Front Range Equine Rescue v. Vilsack, 844 F.3d 1230, 1234 (10th Cir. 2017). But even with this presumption of recovery, a wrongfully enjoined party must have "provable damages" connected to the wrongful injunction. Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 559 (2d Cir. 2011) (internal quotation marks omitted).

The Tribe has established that it was wrongfully enjoined. "[G]enerally, for the purpose of establishing liability on an injunction bond, a decree dismissing a bill in equity constitutes a judicial determination that a temporary injunction should not have been granted." Atomic Oil Co. of Okl. v. Bardahl Oil Co., 419 F.2d 1097, 1102 (10th Cir. 1969). "The federal courts of appeals have consistently held that the reversal on appeal of an injunction is tantamount to finding that the enjoined party was 'wrongfully enjoined or restrained,' and that such reversal triggers the wrongfully enjoined party's right to pursue recovery on the security bond." Div. No. 1, Detroit, Bhd. of Locomotive Eng'rs v. Consol. Rail Corp., 844 F.2d 1218, 1225 (6th Cir. 1988) (quoting Fed. R. Civ. P. 65(c)) (collecting cases, including Atomic Oil). Here, the Tribe was twice enjoined, and both injunctions were reversed. This is sufficient for the court to find that the injunctions were wrongful, creating a presumption of recovery on Mr. Becker's two bonds. Front Range Equine Rescue, 844 F.3d at 1234; see Atomic Oil, 419 F.2d at 1098–99 (affirming district court finding that the wrongfully enjoined party was entitled to recover on both injunction bonds).

The Tribe has also established that it incurred provable damages because of these injunctions. Following a sworn declaration by its attorney, Frances C. Bassett, (Mot. Ex. A, ECF No. 302-1), the Tribe appends an itemized list of "other costs" related to the injunctions in this action. (Mot. Ex. B, ECF No. 302-2.) The list includes travel expenses, airfare, meals, hotel rooms, mileage, filing fees, transcripts, and other costs incurred over the past five-and-a-half years. The total sum is $36,576.83.[1] Attorneys' fees are not recoverable as damages under an injunction bond. Fireman's Fund Ins. Co. v. S. E. K. Constr. Co., 436 F.2d 1345, 1352 (10th Cir. 1971). But this court has previously awarded travel time, mileage, hotel, and meal expenses as damages under an injunction bond. See Mount Holly Partners v. AMDS Holdings, No. 2:09-CV-00428-TC-DN, 2009 WL 2581555 (D. Utah Aug. 14, 2009) (a magistrate-judge decision later affirmed by this court).

The purpose of an injunction bond is to "cover the costs and damages incurred as a result of complying with a wrongful injunction." Nokia, 645 F.3d at 560. Here, the court enjoined the Tribe from proceeding against Mr. Becker in tribal court. To comply with this injunction, the Tribe had to litigate in federal court, which meant incurring travel, mileage, hotel, and meal expenses connected to the case. For that reason, the court finds that the Tribe's costs are provable damages resulting from the wrongful injunctions. But because district courts have discretion to set the amount of the bond, "a defendant who is wrongfully enjoined will not always be made whole by recovery of damages." Kansas ex rel. Stephan v. Adams, 705 F.2d 1267, 1270 (10th Cir. 1983). In other words, the Tribe can only recover up to the amount of the bonds—$20,000. See, e.g., Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc., 16 F.3d 1032,

---

[1] The Tribe also lists two expert-witness invoices totaling $38,525.02. (Mot. Ex. B at 2, ECF No. 302-2.) In a later motion, the Tribe omits this $38,525.02 sum from its list of cash-bond substitutes. (Mot. for Stay at 6, ECF No. 304.)

3

1036 (9th Cir. 1994); Glob. Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 20 (1st Cir. 2007). Because the amount of potentially recoverable costs ($36,576.83) exceeds $20,000, the Tribe is entitled to recover the full amount of the bonds.

## CONCLUSION

Mr. Becker was not entitled to the temporary restraining order or the first injunction. The second preliminary injunction was wrongfully obtained and without sufficient cause. Because the Tribe was wrongfully enjoined, it incurred provable damages. Accordingly,

**IT IS ORDERED** that the Tribe's motion to recover against the injunction bonds (ECF No. 302) is GRANTED.

**IT IS FURTHER ORDERED** that Tribe is entitled to enforce the 2016 bond (ECF No. 9-1) against Travelers Casualty and Surety Company of America in the amount of $10,000. Travelers shall immediately pay this amount to the Tribe.

**IT IS FURTHER ORDERED** that Tribe is entitled to enforce the 2018 bond (ECF No. 159-1) against Hartford Fire Insurance Company in the amount of $10,000. Hartford shall immediately pay this amount to the Tribe.

DATED this 4th day of April, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge