IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN D. BECKER,<br><br>                    Plaintiff,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, a federally recognized Indian Tribe and a federally chartered corporation, the UINTAH AND OURAY TRIBAL BUSINESS COMMITTEE, and UTE ENERGY HOLDINGS LLC, a Delaware LLC,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00958-TC<br><br>District Judge Tena Campbell |

Following the Tenth Circuit's remand order in <u>Becker v. Ute Indian Tribe of Uintah & Ouray Reservation</u> (<u>Becker III</u>), 11 F.4th 1140 (10th Cir. 2021), the court denied the Tribe's motion to reconsider Judge Waddoups's sanctions order. (ECF No. 297.) With nothing left to do but implement the Tenth Circuit's mandate, the court dismissed the case without prejudice, entering a $330,272.25 sanctions judgment[1] against the Tribe. (<u>Id.</u>; ECF No. 300.) The Tribe quickly filed three postjudgment motions:

1. a motion to recover costs against Plaintiff Lynn D. Becker's two injunction bonds (ECF No. 302);

2. a Rule 59 motion to alter or amend judgment, or alternatively, a Rule 60 motion for relief from judgment (ECF No. 303); and

---

[1] Of this sum, Mr. Becker was awarded $236,392.75, and Movant John P. Jurrius was awarded $93,879.50. (ECF No. 300.)

3. a motion (a) for a stay pending a ruling on the Tribe's Rule 59 motion, (b) for a stay pending appeal, (c) to permit the Tribe to post alternative security, and (d) to offset the amount of security required by other cost awards (ECF No. 318).[2]

Then the Tribe filed a notice of appeal, which the Tenth Circuit abated pending the court's resolution of the Rule 59 motion. <u>Becker v. Ute Indian Tribe of Uintah & Ouray Rsrv.</u>, No. 22-4022 (10th Cir. Mar. 31, 2022). The court has since granted the Tribe's unopposed motion to recover costs against Mr. Becker's injunction bonds, awarding the Tribe $20,000. (ECF No. 315.) For the following reasons, the court DENIES the Rule 59 motion and GRANTS the motion for stay.

### I. **Motion to Amend Judgment**

The Tribe filed a "Rule 59 motion to alter or amend judgment, or alternatively, a Rule 60 motion for relief from judgment." (ECF No. 303.) It argues that the court "prematurely" entered judgment because the court did not wait for the Tribe's costs to be taxed by the Clerk of Court or for the costs to be taxed against the injunction bonds. Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." <u>Nelson v. City of Albuquerque</u>, 921 F.3d 925, 929 (10th Cir. 2019) (quoting <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000)). Similarly, relief under Rule 60(b)(1) requires showing that "the judge has made a substantive mistake of law or fact in the final judgment or order." <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 576 (10th Cir. 1996).

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920; <u>see also</u> DUCivR 54-2(c) ("Costs taxed by the clerk will be included

---

[2] The original motion to stay was at ECF No. 304, but the Tribe later filed an amended motion (ECF No. 318), relevant here.

in the judgment or decree."). Here, the Clerk of Court already included the Tribe's costs in the judgment. (See ECF No. 301 at 1 ("Total costs allowed for Defendants are $13,065.93 and are included in the Judgment.").) Even setting that aside, the court does not need to amend the judgment to include the already-taxed costs. Rule 54 draws "[a] sharp distinction between the judgment on the merits and an award of costs." Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988). And Rule 58 instructs that "the entry of judgment may not be delayed . . . in order to tax costs or award fees." Fed. R. Civ. P. 58(e).

Simply put, "the entry of judgment and the taxation of costs are entirely separate legal acts," and "a motion for costs is not properly one to alter or amend the judgment under Rule 59(e)." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2781 (3d ed.) (citing Md. Cas. Co. v. Jacobson, 37 F.R.D. 427, 430 (W.D. Mo. 1965)); 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2679 (4th ed.) (citing Samaad v. City of Dall., 922 F.2d 216 (5th Cir. 1991)). The court did not err by entering judgment before the Tribe's costs were taxed, so the Tribe has not shown its entitlement to relief under Rule 59 or Rule 60. For that reason, the court DENIES the Tribe's Rule 59 motion.

## II.     Motion for Stay Pending Appeal

The Tribe also filed a motion asking for four appeals-related reliefs. (ECF No. 318.) The Tribe is appealing Judge Waddoups's sanctions order (and this court's order affirming it), and it wants the court to stay this judgment pending appeal. Instead of posting a traditional supersedeas bond, the Tribe wants to use a litigation reserve fund to secure its obligation to pay the judgment. And it wants to setoff against the $330,272.25 judgment the $13,065.93 in costs taxed in this case, the $11,774.66 in costs taxed in the companion case (No. 2:16-cv-00579-TC),

3

an additional $2,028.00 in costs taxed in the companion case, and the $20,000.00 from the injunction bonds.[3]

To stay execution of a judgment, a party must "provid[e] a bond or other security." Fed R. Civ. P. 62(b). "[A] full supersedeas bond should be the requirement in normal circumstances," as it "secure[s] an appellee from loss resulting from the stay of execution." Mia. Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986). District courts have discretion to set the bond amount or to waive the bond requirement altogether. Id. Because the court should presumptively require a bond equal to the full amount of the judgment, it is the Tribe's burden to establish good cause for not requiring a $330,272.25 bond. See Fox v. Pittsburg State Univ., 319 F.R.D. 342, 343 (D. Kan. 2017).

The Tribe, through the Uintah and Ouray Tribal Business Committee, passed a resolution approving a "Becker Litigation Reserve Fund." (Mot. Ex. A (Resolution 22-106), ECF No. 318-1.) This resolution authorized the Tribe's Comptroller, Skyler Massey, to invest $330,272.25 into a Federated Government Obligations Fund (ticker symbol GOIXX) held with KeyBank. (Mot. Ex. C (Massey Decl.), ECF No. 318-3.) Although the Tribe says that by establishing this fund it has "provid[ed] . . . other security," the funds are still under the Tribe's exclusive control. It is effectively asking that the court waive the bond requirement, rather than permit posting alternative security.

Courts commonly look to five factors in deciding whether to waive the supersedeas-bond requirement:

---

[3] Mr. Becker is solely liable for the $13,065.93 in costs taxed in this case, the $11,774.66 in costs taxed in the companion case, and the additional $2,028.00 in costs taxed in the companion case, which total $26,868.59. But the $20,000 payable against the injunction bonds is payable by Travelers Casualty and Surety Company of America and Hartford Fire Insurance Company, not Mr. Becker. (See Mem. Decision & Order at 4, ECF No. 315.) Any setoff can only reduce the Tribe's potential liability to Mr. Becker from $236,392.75 to $209,524.16.

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendants are in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Fox, 319 F.R.D. at 343–44; see also Dillon v. City of Chi., 866 F.2d 902, 904–05 (7th Cir. 1988) (listing the same factors).

Here, factors (1) and (2) weigh in favor of the Tribe. The Tribe has earmarked the full judgment amount and has placed it into a litigation reserve fund, thereby simplifying the collection process and reducing the time needed to collect the judgment. See Dutton v. Johnson Cnty. Bd. of Cnty. Comm'rs, 884 F. Supp. 431, 435 (D. Kan. 1995) (waiving the bond requirement when Johnson County established a Risk Management Reserve Fund sufficient to cover the judgment). Factor (3) also weighs in favor of the Tribe. Not only have the funds already been deposited, but the court also finds credible Committee Chairman Shaun Chapoose's declaration testifying to the Tribe's financial ability. (Mot. Ex. D (Chapoose Decl.), ECF No. 318-4.) Factor (4) is inapplicable. While the court is satisfied with the steps the Tribe has taken to establish the litigation reserve fund, the Tribe's ability to pay is not "so plain." And because factor (5) is, in a way, the inverse of factor (3), it also weighs in favor of the Tribe. Beyond complaining about Mr. Jurrius's attempts to collect an earlier arbitration award, Mr. Becker and Mr. Jurrius do nothing to show that the Tribe's financial situation is otherwise "precarious."

Because the Tribe has shown its ability to pay the $330,272.25 judgment, the court will waive the formal bond requirement.[4] And because the Tribe is entitled to collect on three cost

---

[4] This waiver should not be construed by the Tribe as permission to liquidate the Becker Litigation Reserve Fund or to otherwise attempt to obstruct or impede any future collections efforts.

awards against Mr. Becker (totaling $26,868.59),[5] the court sees no reason why the Tribe cannot exercise its right of setoff and temporarily[6] reduce its liability to Mr. Becker from $236,392.75 to $209,524.16.  Cf. Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 18 (1995); Mass. Cas. Ins. Co. v. Forman, 600 F.2d 481, 485 (5th Cir. 1979).

## CONCLUSION

The Tribe has not shown its entitlement to relief under Rule 59 or Rule 60, but it has shown that the Becker Litigation Reserve Fund satisfies Rule 62(b).  Accordingly,

**IT IS ORDERED** that the Tribe's Rule 59 motion (ECF No. 303) is DENIED.

**IT IS FURTHER ORDERED** that the Tribe's motion for stay pending appeal (ECF No. 318) is GRANTED.  The court accepts the Tribe's Becker Litigation Reserve Fund as sufficient security to stay the February 11, 2022 judgment, and the court permits the Tribe to temporarily setoff the $236,392.75 judgment by the allowable costs that Mr. Becker owes—$26,868.59.

**IT IS FURTHER ORDERED** that the Tribe shall maintain the Becker Litigation Reserve Fund until further order from the court.

**IT IS FINALLY ORDERED** that the court's February 11, 2022 judgment (ECF No. 300) is hereby STAYED pending appeal.  (ECF No. 305.)

DATED this 4th day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[5] Again, the injunction bonds are payable by the two insurance companies, not Mr. Becker, so the court cannot credit the $20,000 against the amount the Tribe owes Mr. Becker.

[6] Because the sanctions order (and thereby the money judgment in Mr. Becker's favor) could be reversed on appeal, the Tribe does not ask for a permanent setoff.